UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JERRY A. BRANDON                :        DOCKET NO. 2:18-cv-1426
    D.O.C. # 487445                          SECTION P

VERSUS                         :        UNASSIGNED DISTRICT JUDGE


S.W. McCAIN                     :        MAGISTRATE JUDGE KAY


<u>REPORT AND RECOMMENDATION</u>


Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jerry A. Brandon, who is proceeding pro se in this matter. Brandon is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana. S.W. McCain, warden of that facility and respondent in this matter, opposes the petition and Brandon has filed a reply. Docs. 14, 22.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

### A. *Conviction*

The petitioner and a codefendant, Anthony Funderbunk, were charged by bill of information on December 13, 2011, in the Thirty-third Judicial District Court, Allen Parish,

Louisiana, with the following: one count of armed robbery, a violation of Louisiana Revised Statute § 14:64; one count of theft of property worth $500 or more, a violation of Louisiana Revised Statute § 14:67; one count of conspiracy to commit armed robbery, a violation of Louisiana Revised Statutes §§ 14:26 and 14:64; one count of theft of $1500 or more, a violation of Louisiana Revised Statute § 14:67; and one count of obstruction of justice by tampering with evidence, a violation of Louisiana Revised Statute § 14:130.1. Doc. 14, att. 1, pp. 4–5. The charges related to the robbery of a convenience store and theft of the clerk's vehicle on October 4, 2011. *See State v. Brandon*, 2013 WL 5951488 (La. Ct. App. 3d Cir. Nov. 6, 2013). The state later dismissed one of the theft charges, and Brandon was convicted of the remaining ones on September 21, 2012, after a jury trial. *Id.* On January 31, 2013, he was found to be a second felony offender and sentenced to a 49 and a half year term of imprisonment on the armed robbery conviction, under the state's habitual offender law. Doc. 21, att. 7, pp. 36–62.

**B. Direct Appeal**

Brandon sought review in the Louisiana Third Circuit Court of Appeal, raising the following assignments of error:

1. The trial court erred in denying the defense's request for a recess and proceeding with the trial without petitioner's presence.

2. The trial court imposed an excessive sentence.

3. The decision to proceed while the petitioner was outside of the courtroom resulted in a violation of his rights under the Confrontation Clause.

4. The trial court violated petitioner's right to due process by denying a motion to continue based on inadequate notice of the trial date.

5. The evidence presented at trial was insufficient to support the verdict.

*Brandon*, 2013 WL 5951448, at *1. The court of appeals also noted an error patent relating to the trial court's failure to sentence the petitioner on the other convictions. *Id.* at *2. It granted relief on

the error patent, remanding the case for sentencing on the remaining counts, but denied relief on the assignments of error. *Id.* at *2–*11. Brandon was sentenced to concurrent terms of imprisonment on the remaining convictions on March 13, 2014. Doc. 21, att. 8, p. 6. Meanwhile, he sought review in the Louisiana Supreme Court of the Third Circuit's ruling and was denied same on August 25, 2014. *State v. Brandon*, 147 So.3d 692 (La. 2014). Brandon did not file a petition for writ of certiorari in the United States Supreme Court. Doc. 1, p. 2.

### C.  *State Collateral Review*

Brandon filed a pro se application for post-conviction relief in the trial court on or about March 19, 2015.[1] Doc. 21, att. 8, pp. 32–40; doc. 21, att. 9, pp. 1–10. There he raised the following claims:

1.  The state failed to meet its burden of proof at the habitual offender proceedings.

2.  Brandon received ineffective assistance of trial counsel at his habitual offender proceedings.

3.  Brandon received ineffective assistance of trial counsel in the presentation of the request for recess/continuance and the motion for new trial after court denied same.

Doc. 21, att. 8, p. 40. He also renewed his claims based on continuing the trial in his absence and denying his motion for a continuance. *Id.*

The trial court denied the motion in a one-page judgment with no reasons assigned. Doc. 21, att. 10, p. 3. Brandon then sought review in the Third Circuit, which denied his application as deficient on March 28, 2016. *Id.* at 11. Brandon corrected the application and it was denied on the

---

[1] For pro se filings by an inmate, this court uses the date that the pleading was surrendered for mailing, if available, as the date of filing. Brandon signed his application for post-conviction relief on March 19, 2015, and states that he also served respondent with a copy via U.S. mail on that date. However, he does not provide the date he surrendered the application for mailing to the trial court, and the trial court did not file same until March 28, 2015. Due to the conflicting evidence and the timeliness concerns involved in this petition, the court will use March 19, 2015, as the effective date of filing.

merits on August 30, 2016. *Id.* at 16. The court stated that it found no error in the trial court's ruling. *Id.* Finally, he sought review in the Louisiana Supreme Court, which denied same on February 9, 2018. *State ex rel. Brandon v. State*, 235 So.3d 1092 (La. 2018). In its ruling the court noted only that Brandon's sentencing claim was not cognizable on collateral review. *Id.*

### D. *Federal Habeas Petition*

Brandon filed the instant petition in this court on October 28, 2018. Doc. 1. Here he raises the following claims:

1. The trial court violated Brandon's right to due process by not entertaining a sentencing error claim raising substantial ineffective assistance of counsel claims.

2. Trial counsel and appellate rendered ineffective assistance by failing to preserve alleged errors in the habitual offender proceedings.

3. Trial counsel was ineffective for failing to investigate and prepare a motion for new trial based on the court's refusal to grant a continuance.

4. The state courts deprived Brandon of an opportunity to raise his ineffective assistance claims and erred by refusing review of his sentencing claims on post-conviction relief.[2]

*Id.* The respondent opposes each claim on the merits, and Brandon has filed a reply. Docs. 14, 22.

## II.
### LEGAL STANDARDS

### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512

---

[2] Brandon raises these issues through six claims. The court has combined some of them due to duplicative allegations.

(5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of § 2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

### 1. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387

(5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails

to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C.  *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that

decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual

determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.
### APPLICATION

#### A. *Timeliness*

Brandon's conviction became final on November 24, 2014, when his time for seeking review of his direct appeal in the United States Supreme Court expired. Sup. Ct. R. 13. His application for post-conviction relief was not filed until about March 19, 2015, meaning that at least **114 days** had accrued against § 2244(d)'s one year limit before tolling began during the pendency of his post-conviction proceedings. An additional **261 days** then accrued between the Louisiana Supreme Court's decision on February 9, 2018, and the filing of the instant petition on October 28, 2018. Accordingly, the matter is untimely.

A petitioner may be entitled to equitable tolling of § 2244(d)'s limitations period if he can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way to prevent timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Brandon asserts that he delayed filing his federal habeas petition because he was attempting to seek review of the Louisiana Supreme Court's February 2018 decision in the United States Supreme Court, until he was informed by prison officials on or about August 15, 2018, that he did not need to pursue certiorari in the United States Supreme Court before he his federal petition. *See* doc. 8.

As this court noted in a prior amend order, statutory tolling only applies to the time required to exhaust an application for post-conviction relief in the state courts. Doc. 7, p. 4. Given

Brandon's diligent but misguided pursuit of remedies between February and August 2018, however, along with the short time by which Brandon exceeded § 2244(d)'s time limit and the lack of an objection on timeliness grounds from the respondent, Brandon should receive the benefit of equitable tolling until August 15, 2018. Accordingly, the matter is timely.

### B.  Exhaustion and Procedural Default

The claims for relief in this matter have been exhausted in the state courts and there is no apparent basis for imposing a procedural default. Accordingly, the court will consider all claims raised here on the merits.

### C.  Merits Consideration

Brandon's first and fourth claims, relating to the state court decisions on collateral review, do not provide an independent avenue for relief. Instead, they are only cognizable as opposition to the procedural default of any claim dismissed on that basis and renewed in this court. Brandon makes no such independent claim. As shown below in evaluation of the challenged motions through his ineffective assistance allegations, he also fails to show merit to any such claim. Accordingly, the court turns to the ineffective assistance claims, which were exhausted in the state courts and encompass the grounds on which he alleges he was denied adequate review of his conviction and sentence.

#### 1.  Ineffective assistance of counsel standards

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair

trial. *Id.* at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 2065) (quotations omitted). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055–56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011)). "Both of [Strickland's] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

### 2. *Application*

Brandon alleges ineffective assistance of counsel through the following two claims: (1) failure to properly investigate and present a motion for new trial based on the trial court's denial of a continuance or recess, and (2) failure to preserve errors relating to his habitual offender proceedings.

The denial of a continuance/recess at the end of trial claim was argued by counsel and by Brandon, in a pro se assignment of error, in Brandon's direct appeal. *Brandon*, 2013 WL 5951488

at *4–*5. The Third Circuit noted that Brandon had not appeared in court on the final day of trial, asserting through counsel that he was ill, and that the trial court nevertheless proceeded with closing arguments and deliberations. *Id.* at *5. The trial court stated that because the evidentiary portion of the trial had ended, Brandon was free to waive his presence and had done so. *Id.* As shown in the portions of the transcript excerpted by the Third Circuit, trial counsel failed to support this claim with medical records from that date at trial or the hearing on the motion for a new trial. Nonetheless, the trial court advised the jury that Brandon had contacted his attorney and stated that he could not be there because of illness. *Id.*

The issue was revisited at a motion for new trial, and the court again found that the defense had failed to provide adequate proof of his medical emergency so as to show that his absence was involuntary. *Id.* at *5–*6. The Third Circuit likewise refused relief, noting that the issue was an evidentiary one. *Id.* at *6–*7. It found that, while Brandon's history of cardiac problems "lend some plausibility to his argument, they do not demonstrate [that] the absence at issue was due to a medical necessity." *Id.*

In the instant petition, Brandon complains that he was hospitalized on the last day of trial and that trial counsel did not produce medical records or call his treating physician to testify. Doc. 1, pp. 17–18. He also provides emergency room records from the final day of trial, corroborating his claim that he had sought treatment for chest pains. *See* doc. 1, att. 3, pp. 3–17. However, he fails to explain his inability to provide these records to trial counsel in advance of his hearing on the motion for a new trial. Additionally, even if the fault is that of trial counsel's in failing to obtain the records on either occasion, Brandon fails to show any prejudice to the decision to continue with closing argument in his absence. Accordingly, he demonstrates no error to the state court's decision on post-conviction review and he is not entitled to habeas relief on this claim.

On the sentencing claim, Brandon asserts that trial counsel was ineffective for failing to object to an alleged error at his habitual offender proceedings. As the Third Circuit noted, Brandon received the mandatory minimum sentence as a second felony offender and demonstrated no right to relief on his claim that the sentence was excessive. *Brandon*, 2013 WL 5951488 at *7–*9. Brandon now asserts that counsel should have objected to use of a minute entry from a plea hearing to prove his underlying felony conviction, because this entry did not show notice and waiver of his right to trial by jury as required under *Boykin v. Alabama*, 89 S.Ct. 1709 (1969). Doc. 1, pp. 15–17.

In *State v. Shelton*, 621 So.2d 769 (La. 1993), the Louisiana Supreme Court noted that a guilty plea could only serve as a predicate in habitual offender proceedings if it complied with *Boykin*. Accordingly, it observed, "[i]f the defendant denies the allegations of the bill of information," the state has the burden to prove "the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken." *Id.* at 779. If the state makes this showing, the burden shifts to the defense "to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." *Id.* Upon this showing, the burden returns to the state to prove the constitutionality of the plea:

> The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights.

*Id.* at 779–80.

Brandon argues that the minute entry used in his case was insufficient because it did not show a waiver of his rights. He does not contest, however, that it showed the existence of a plea at a hearing in which he was represented by counsel, in satisfaction of *Shelton*'s first step. The transcript from the habitual offender proceeding shows that the minute entry at issue was a certified record which reflected Brandon's presence with counsel and his statement that he was satisfied with counsel's representation. Doc. 21, att. 7, pp. 50–51. As the court noted, defense counsel produced no evidence of an infringement of Brandon's rights or any procedural irregularity in taking the plea *Id.* at 36–60. Brandon fails to show the existence of any such evidence. Accordingly, he cannot show that trial counsel performed deficiently, much less prejudicially, in failing to assert it. He thus shows no error to the state court's ruling on either ineffective assistance claim and is not entitled to federal habeas relief.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 10th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE